[Cite as *Repa v. Ohio Dept. of Transp.*, 2011-Ohio-5315.]



Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

M. A. REPA, et al.

Plaintiffs

v.

OHIO DEPT. OF TRANSPORTATION

Defendant

Case No. 2011-03804-AD

Acting Clerk Daniel R. Borchert

MEMORANDUM DECISION

{¶1} Plaintiffs, M. A. Repa and J. Wroniak, filed this action against defendant, Department of Transportation (ODOT), contending their 2005 Mazda 3 was damaged as a proximate result of negligence on the part of ODOT personnel in maintaining a hazardous condition on I-271 in Summit County. In their complaint, plaintiffs provided a narrative description of the damage event stating, "after entering I 271 N we hit a pothole with the driver's side front tire while driving in the right hand lane of the interstate." Plaintiffs recalled the particular damage incident occurred on March 5, 2011, at approximately 12:10 p.m. Plaintiffs requested damages in the amount of $697.09, the total cost of a replacement tire and wheel along with reimbursement of the filing fee. The $25.00 filing fee was paid.

{¶2} Defendant denied liability based on the contention that no ODOT personnel had any knowledge of the particular damage-causing pothole prior to plaintiffs' March 5, 2011 described occurrence. Defendant located the pothole "near county milepost 6.18 or state milepost 12.77 in Summit County." Defendant argued plaintiffs did not provide any evidence to establish the length of time the particular

pothole was present on the roadway prior to March 5, 2011. Defendant suggested, "it is more likely than not that the pothole existed in that location for only a relatively short amount of time before plaintiffs' incident."

{¶3} Furthermore, defendant contended plaintiffs did not offer any evidence to prove the roadway was negligently maintained. Defendant related the ODOT "Summit County Manager conducts roadway inspections on all state roadways within the county on a routine basis, at least one to two times a month." Apparently, no potholes were discovered in the vicinity of plaintiffs' incident on I-271 the last time that section of roadway was inspected prior to March 5, 2011. Defendant's maintenance records show potholes were patched in the vicinity of plaintiff's incident on January 4, 5, 10, and February 10, 2011.

{¶4} Plaintiffs filed a response contending that defendant's inspections are not adequate and asserting that several other vehicles struck the same pothole at or near the time of plaintiffs' incident. Nonetheless, plaintiffs failed to provide sufficient evidence to show defendant had notice of the pothole prior to their damage event.

{¶5} For plaintiffs to prevail on a claim of negligence, they must prove, by a preponderance of the evidence, that defendant owed them a duty, that it breached that duty, and that the breach proximately caused their injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed.

{¶6} Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864.

{¶7}   In order to prove a breach of the duty to maintain the highways, plaintiffs must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise condition or defect alleged to have caused the accident.  *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388.  Defendant is only liable for roadway conditions of which it has notice but fails to reasonably correct.  *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179.  There is no evidence defendant had actual notice of the pothole on I-271 prior to the afternoon of March 5, 2011.

{¶8}   Therefore, to find liability plaintiffs must prove ODOT had constructive notice of the defect.  The trier of fact is precluded from making an inference of defendant's constructive notice, unless evidence is presented in respect to the time the defective condition developed.  *Spires v. Ohio Highway Department* (1988), 61 Ohio Misc. 2d 262, 577 N.E. 2d 458.

{¶9}   In order for there to be constructive notice, plaintiffs must show sufficient time has elapsed after the dangerous condition appears, so that under the circumstances defendant should have acquired knowledge of its existence.  *Guiher v. Dept. of Transportation* (1978), 78-0126-AD.  Size of the defect is insufficient to show notice or duration of existence.  *O'Neil v. Department of Transportation* (1988), 61 Ohio Misc. 2d 287, 587 N.E. 2d 891.  "A finding of constructive notice is a determination the court must make on the facts of each case not simply by applying a pre-set time standard for the discovery of certain road hazards."  *Bussard,* at 4.  "Obviously, the requisite length of time sufficient to constitute constructive notice varies with each specific situation."  *Danko v. Ohio Dept. of Transp.* (Feb. 4, 1993), Franklin App. 92AP-1183.  There is insufficient evidence to show defendant had constructive notice of the pothole.

{¶10} Generally, in order to recover in a suit involving damage proximately caused by roadway conditions including potholes, plaintiffs must prove that either:  1) defendant had actual or constructive notice of the potholes and failed to respond in a reasonable time or responded in a negligent manner, or 2) that defendant, in a general sense, maintains its highways negligently.  *Denis v. Department of Transportation* (1976), 75-0287-AD.  The fact defendant's "Maintenance History" reflects pothole repairs were made in the vicinity of plaintiffs' incident four times in the two months

preceding March 5, 2011, does not prove negligent maintenance of the roadway on the part of ODOT. See *Maynard v. Ohio Dept. of Transp., Dist. 10*, Ct. of Cl. No. 2004-03730-AD, 2004-Ohio-3284; *Marcis v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2004-05830-AD, 2004-Ohio-4830.

{¶11} Plaintiffs have not produced sufficient evidence to infer defendant, in a general sense, maintains its highways negligently or that defendant's acts caused the defective condition. *Herlihy v. Ohio Department of Transportation* (1999), 99-07011-AD. Plaintiffs have failed to introduce sufficient evidence to prove defendant maintained a known hazardous roadway condition. Plaintiffs have failed to prove that their property damage was connected to any conduct under the control of defendant, defendant was negligent in maintaining the roadway area, or that there was any negligence on the part of defendant. *Taylor v. Transportation Dept.* (1998), 97-10898-AD; *Weininger v. Department of Transportation* (1999), 99-10909-AD; *Witherell v. Ohio Dept. of Transportation* (2000), 2000-04758-AD.



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

M. A. REPA, et al.

Plaintiffs

v.

OHIO DEPT. OF TRANSPORTATION

Defendant

Case No. 2011-03804-AD

Acting Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiffs.

_____
DANIEL R. BORCHERT
Acting Clerk

Entry cc:

M. A. Repa                          Jerry Wray, Director
J. Wroniak                          Department of Transportation
69 Pine Street                      1980 West Broad Street
Thorold Ont. L2V 2P3                Columbus, Ohio 43223

SJM/laa
6/8
Filed 7/13/11
Sent to S.C. reporter 10/13/11